**Karen BAILEY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0305–CR–441.

Court of Appeals of Indiana.

April 15, 2004.

Ann M. Sutton, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Karen Bailey appeals her conviction for theft, a Class D felony. We affirm.

### Issue

The sole issue is whether the trial court erroneously admitted several documents from the Indianapolis Housing Authority ("IHA") into evidence.

### Facts

The evidence most favorable to the conviction reveals that Bailey applied for and received federally subsidized Section 8 housing assistance through IHA. When she completed an application in March of 2000, she was unemployed; she was also unemployed when she completed a recertification application in March of 2001. The application she completed in 2000 advised her that she was required to report any change in her income within two weeks of it occurring. Bailey worked at National City Bank from June to November 2000, and also at Toys R Us from September to December 2001. She did not report this employment and resulting income to IHA.

When the IHA discovered this, after an investigation headed by Detective Stephen Golden of IHA's Office of Special Investigations, the State charged Bailey with one count of welfare fraud, a Class C felony, and one count of theft, a Class D felony. After a bench trial, Bailey was acquitted of welfare fraud but convicted of theft. She now appeals.

### Analysis

Bailey contends that because several exhibits introduced by the State were hearsay, the trial court erred in admitting them. She specifically argues that the introduced records from IHA were neither admissible "business records" under Indiana Evidence Rule 803(6) nor admissible "public records" under Indiana Evidence Rule 803(8). "The admissibility of evidence is within the sound discretion of the trial court, and the decision whether to admit evidence will not be reversed absent a showing of manifest abuse of the trial court's discretion resulting in the denial of a fair trial." *Johnson v. State,* 785 N.E.2d 1134, 1138 (Ind.Ct.App.2003), *trans. denied.* In reviewing a decision to admit evidence, we will only consider the evidence in favor of the trial court's ruling and unrefuted evidence in the defendant's favor. *Id.*

We conclude that the challenged exhibits were admissible under Rule 803(8); therefore, we need not address

Rule 803(6). Rule 803(8) provides the following exception to the exclusion of hearsay evidence:

Unless the sources of information or other circumstances indicate lack of trustworthiness, records, reports, statements, or data compilations in any form, of a public office or agency, setting forth its regularly conducted and regularly recorded activities, or matters observed pursuant to duty imposed by law and as to which there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law. The following are not within this exception to the hearsay rule: (a) investigative reports by police and other law enforcement personnel, except when offered by an accused in a criminal case; (b) investigative reports prepared by or for a government, a public office, or an agency when offered by it in a case in which it is a party; (c) factual findings offered by the government in criminal cases; and (d) factual findings resulting from special investigation of a particular complaint, case, or incident, except when offered by an accused in a criminal case.

This hearsay exception is based on the assumption that public officials perform their duties properly and without motive or interest other than to submit accurate and fair reports. *Sparkman v. State,* 722 N.E.2d 1259, 1263 (Ind.Ct.App.2000). There is no question that IHA qualifies as a public agency whose records may be admitted under this hearsay exception if its other requirements are met.

Rule 803(8) governing public records does not contain several of the foundational requirements for business records found in Rule 803(6). For example, under Rule 803(6), the proponent of the documentary hearsay evidence must provide the testimony or affidavit of the custodian of the records, or another qualified person, that it was the practice of the business to create and keep the document in the regular course of business. Rule 803(8) requires no affidavit or testimony from a records custodian or other qualified witness. Thus, Bailey's arguments that Detective Golden of the IHA police department was not the custodian of these records, or that he lacked personal knowledge of how their contents were created, are not applicable to Rule 803(8).

The trial court here admitted into evidence five documentary exhibits from the IHA to which Bailey objected. These five documents or records can be split into three different categories. The first of these are State's Exhibits 1 and 2. These documents are Section 8 housing applications that Bailey completed in March of 2000 and March of 2001. Exhibit 2 is the application Bailey filled out in 2000, and it includes an addendum entitled "Things You Should Know About Section 8 Housing." Among those is that "I know I am required to report to the Section 8 Housing Specialist any changes in household composition or income within two weeks of when it occurred." Bailey's initials appear next to this entry, and it is this condition that the State alleged Bailey violated.[1]

Exhibits 1 and 2 clearly appear to be "records, reports, statements, or data compilations in any form, of a public office or agency, setting forth its regularly conducted and regularly recorded activities...." Ind. Evidence Rule 803(8). Detective Golden, who has been employed by the IHA since 1996 and is familiar with its procedures, testified that these application forms are standard, required by Department of Housing and Urban Development ("HUD") regulations, and once completed

1. Exhibit 1, the March 2001 application, does not contain this addendum.

are stored in a "locked secured facility." Tr. p. 10. Additionally, Bailey presents no argument that these exhibits bear any indicia of untrustworthiness; a person challenging the introduction of a public record bears the burden of demonstrating untrustworthiness. *See Sparkman*, 722 N.E.2d at 1263. We see no basis to conclude that Exhibits 1 and 2 fall outside the definition of an admissible public record under Rule 803(8).

■ Exhibits 6 and 7 fall into the same category as Exhibits 1 and 2. These exhibits are "Annual Recertification Addendum" notices from March 2000 and March 2001. They list the amount of housing and utility aid to which Bailey was entitled following the completion of her Section 8 housing application forms. Again, Detective Golden testified that these notices are standard HUD-required forms prepared by IHA's legal department in the regular course of its business, and which are stored in a secure location. We also are again presented with no argument that these forms bear any indicia of unreliability or untrustworthiness. Thus, it is evident that these forms, like Exhibits 1 and 2, are records or forms setting forth the IHA's regularly conducted and recorded activity. They were admissible under Rule 803(8).

■ Exhibit 3 is slightly different from the others. This exhibit is a computer log of all contact between IHA and Bailey and purports to contain records and brief descriptions of all contact initiated by IHA or Bailey relevant to her Section 8 housing. Thus, arguably this is not merely a form routinely generated by IHA to record its activities, but contains observations made by the agency and its personnel of its interactions with others. Unlike standard forms and records, Rule 803(8) only applies to such recorded observations if they were "observed pursuant to duty imposed by law and as to which there was a duty to report...." Here, Detective Golden testified with respect to Exhibit 3 that IHA is "required by HUD regulations to document any contact with persons receiving federally assisted housing." Tr. p. 19. Thus, it is clear from this testimony that IHA had a legal duty, imposed by HUD regulations, to record its observed interactions with Bailey. As such, Exhibit 3, which is a documentation of all contact between IHA and Bailey as required by law, is admissible under Rule 803(8).[2]

■ Bailey briefly contends that the challenged exhibits were inadmissible under Rule 803(8)(b) because they were "investigative reports prepared by or for a government, a public office, or an agency when offered by it in a case in which it is a party...." This court has adopted a three-part test for determining whether a record of a public agency constitutes an "investigative report": 1) whether the report contains findings which address a materially contested issue in the case; 2) whether the record or report contains factual findings; and 3) whether the report was prepared for advocacy purposes or in anticipation of litigation. *Shepherd v. State*, 690 N.E.2d 318, 326 (Ind.Ct.App.1997), *trans. denied* (1998) (citing *Ealy v. State*, 685 N.E.2d 1047, 1054 (Ind.1997)).[3] If a public agency

**2.** It is possible that the more appropriate hearsay exception to consider with respect to Exhibit 3 is Evidence Rule 803(10), "Absence of public record or entry," because the State proffered Exhibit 3 at least in part to demonstrate that Bailey never reported her employment changes to the IHA because such information is absent from the public record. Neither party addresses this rule, however.

**3.** *Ealy* only specifically addressed whether an autopsy report was inadmissible under subpart C of Rule 803 as a factual finding offered by the government in a criminal case. However, we concluded that *Ealy*'s three-part test

record was not prepared for advocacy purposes or in anticipation of litigation, then the evidence is admissible. *Ealy*, 685 N.E.2d at 1054. Here, Bailey has not demonstrated that any of the IHA reports or documents she challenges were prepared for advocacy purposes or in anticipation of litigation. Thus, none of them fall within the definition of an "investigative report" and, therefore, they were admissible.

### Conclusion

The trial court did not abuse its discretion in admitting records and documents prepared by the IHA into evidence. We affirm.

Affirmed.

KIRSCH, C.J., and FRIEDLANDER, J., concur.

was applicable in determining whether a public agency report or record fell under subparts A, B, and D, as well as subpart C. *See Shepherd*, 690 N.E.2d at 326 n. 2.