**Daniel K. BEACH, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 29A05–0406–CR–318.

Court of Appeals of Indiana.

Oct. 6, 2004.

---

⌖419(4)

Steven P. Stoesz, Stoesz & Stoesz, West-field, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Daniel Beach appeals his conviction for domestic battery, a Class A misdemeanor. We affirm.

### Issue

The sole issue is whether the trial court properly admitted hearsay evidence under the excited utterance exception of Indiana Evidence Rule 803(2).

### Facts

The facts most favorable to the conviction reveal that on the evening of February 15, 2003, Beach and his girlfriend, J.D., were watching a movie with J.D.'s daughters, K.G., age thirteen, and C.B., age six, in Beach's trailer home. K.G. is J.D.'s daughter from a previous relationship; C.B. is the daughter of J.D. and Beach. K.G. and C.B. stated that they were hungry. J.D. asked Beach to stop the movie so that she could make the girls something to eat; Beach told her no. Soon thereafter, Beach attempted to leave, but J.D. stood between Beach and the door to prevent Beach from leaving and taking all of the money she had earned with him. The two began to argue and Beach pushed J.D., who almost fell. Beach pushed J.D. again, this time to the floor, then pinned her so that she could not move and began hitting her. J.D. and Beach eventually ended up in a chair, where Beach continued striking her. C.B. grabbed a wooden bat in an attempt to stop the altercation. K.G., however, stopped C.B. and threatened to call the police. Beach told K.G. to "go ahead." Tr. 10. K.G. took C.B. into the bathroom, where K.G. pinned her body against the door to prevent Beach from entering, and called 911.

Approximately fifteen minutes later, Westfield Police Department officers Jeff Frolick, Anthony Howard, and Jackie Carter arrived at the trailer. J.D. answered the door, "hysterical, crying, fearful," and identified herself. Tr. p. 26. J.D. told Officer Frolick she was injured and wanted a medical examination because she was experiencing pain. Officers Frolick and Carter noticed bleeding from J.D.'s right hand, redness and swelling on the left side of J.D.'s head, and red marks on J.D.'s back and chest. While crying, J.D. talked to Officer Frolick about the incident. Officers Frolick and Howard arrested Beach and, while transporting Beach to jail, advised him of his Miranda rights. Beach said he wanted a lawyer before answering questions, but then volunteered to Officer Frolick that he had punched J.D.

The State charged Beach with domestic battery. At a February 5, 2004 bench trial, at which J.D. was present but was not called to testify, Officer Frolick's testimony relating J.D.'s statements to him at the scene were admitted over Beach's objection. Beach was convicted as charged. He now appeals.

### Analysis

■ Beach contends the trial court committed reversible error and violated his federal and state constitutional rights to confrontation when it allowed Officer Frolick to recount J.D.'s statements to him. "The admissibility of evidence is within the sound discretion of the trial court, and the decision whether to admit evidence will not be reversed absent a showing of manifest abuse of the trial court's discretion resulting in the denial of a fair trial." *Bailey v. State*, 806 N.E.2d 329, 331 (Ind.Ct.App.2004), *trans. denied* (quoting *Johnson v. State*, 785 N.E.2d 1134, 1138 (Ind.Ct.App.2003), *trans. denied*). The improper admission of evidence is harmless error if the conviction is supported by substantial independent evidence of guilt satisfying the reviewing court that there is no substantial likelihood the challenged evidence contributed to the conviction. *Pavey v. State*, 764 N.E.2d 692, 703 (Ind.Ct.App.2002), *trans. denied.* The erroneous admission of evidence that is merely cumulative of other evidence in the record is not reversible error. *Id.*

■ Beach argues that J.D.'s hearsay statements to Officer Frolick were inadmissible for three reasons: they were not "excited utterances" pursuant to Indiana Evidence Rule 803(2); their admission violated his Sixth Amendment rights as recently defined by *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); and their admission violated his right to confrontation under both the United States and Indiana Constitutions because J.D. was present in the courtroom and available to testify, but the State declined to call her as a witness. We will not address J.D.'s first and second arguments in detail, aside from noting that this court recently held that statements such as the ones J.D. made in this case fall outside the realm of "testimonial" hearsay statements governed by the new rule announced in *Crawford,* which requires the defendant to have had an opportunity for cross-examination before such statements may be admitted. *See Hammon v. State*, 809 N.E.2d 945, 950–53 (Ind.Ct.App.2004); *Fowler v. State*, 809 N.E.2d 960, 962–65 (Ind.Ct.App. 2004). We find the admission of the statements to be harmless and Beach's conviction to be supported by substantial independent evidence of guilt.

J.D.'s thirteen-year-old daughter K.G. testified at trial and described Beach's attack on J.D., which she personally witnessed. Police officers who arrived at the scene observed marks and injuries on J.D. that were consistent with the events K.G. described. Finally, Beach admitted to po-

lice officers that he had struck J.D. J.D.'s statements to Officer Frolick that were admitted into evidence were merely cumulative of this other evidence to which Beach did not object. As such, the admission of this evidence would not warrant reversal of Beach's conviction, even if it had been erroneous. *See Sellmer v. State*, 800 N.E.2d 671, 679 (Ind.Ct.App.2003) (holding erroneously admitted statement of defendant that she was in possession of marijuana was harmless where it was cumulative of other evidence that she possessed the marijuana).

We are troubled by this scenario, in which the alleged victim of a crime is present in the courtroom and apparently available to be called by the State as a witness, but the State chooses not to call the witness and instead relies upon hearsay statements the witness made to another person to prove its case. Here, there is no indication that J.D. could not or would not testify and, hence, no indication that she was "unavailable" to testify.

■ Under United States Supreme Court doctrine predating *Crawford*, the prosecution in an ordinary case was required to demonstrate a declarant's unavailability before introducing into evidence a hearsay statement made by the declarant. *See Ohio v. Roberts*, 448 U.S. 56, 65–66, 100 S.Ct. 2531, 2538–39, 65 L.Ed.2d 597 (1980). *Crawford* overruled *Roberts* to the extent *Roberts* allowed the introduction of hearsay statements made by an unavailable declarant so long as the statement fell under a "firmly rooted hearsay exception" or bore "particularized guarantees of trustworthiness." 541 U.S. at ——, 124 S.Ct. at 1369. Arguably left unanswered by *Crawford* is whether the *Roberts* requirement of unavailability of

the declarant is left intact if the State seeks to introduce "nontestimonial" hearsay against a defendant, which is exempt from the *Crawford* rule applicable only to "testimonial" hearsay. The *Crawford* court stated toward the end of the opinion: "Where nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law—as does *Roberts*, and as would an approach that exempted such statements from Confrontation Clause scrutiny altogether." —— U.S. at ——, 124 S.Ct. at 1374. Whether this completely exempts the State from demonstrating declarant unavailability before admitting "nontestimonial" hearsay statements against a defendant is not a question we need to resolve today, given our conclusion that any error in the admission of J.D.'s statements to Officer Frolick was harmless. Nevertheless, the State would be well-advised to avoid the tactic of introducing hearsay statements without calling the declarant to testify in cases where the declarant is in fact available to testify.[1] *See State v. Jackson*, 187 Or.App. 679, 69 P.3d 722, 725 (2003) (holding that if hearsay declarant is present in court and available to testify, allowing prosecution to introduce hearsay statements without calling declarant to testify would violate defendant's confrontation rights under Oregon Constitution); *see also Appleton v. State*, 740 N.E.2d 122, 124 (Ind.2001) ("Trials should principally proceed on the basis of testimony given in court, not statements or affidavits obtained before trial.").

### Conclusion

Even if we were to conclude that the trial court erroneously admitted into evi-

---

**1.** We also observe that the State failed to respond to Beach's argument that this tactic is improper and violated his confrontation

rights under the United States and Indiana Constitutions.

dence J.D.'s hearsay statements to Officer Frolick, such error was harmless in light of the substantial independent evidence of Beach's guilt. We affirm.

Affirmed.

NAJAM, J., and SULLIVAN, J., concur.