Dentric L. VANCE, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 18A02–0606–CR–468.

Court of Appeals of Indiana.

Jan. 24, 2007.

L. Ross Rowland, Muncie, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Dentric Vance appeals his conviction for Battery, as a Class C Felony, and his sentence following a jury trial.[1] He presents the following issues for our review:

1. Whether the trial court abused its discretion when it overruled his objection to an allegedly leading question during the State's direct examination of the primary victim.

---

1. Vance was also convicted of Criminal Confinement and three counts of Criminal Recklessness, but he does not challenge those convictions on appeal.

2. Whether the trial court abused its discretion when it imposed consecutive sentences on his three misdemeanor convictions.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On September 30, 2005, at approximately 4:00 p.m., Jennifer Vance was driving her vehicle in Muncie, and her co-volunteer Michael Boyd and her son were riding as passengers. Vance, Jennifer's ex-husband, was driving his vehicle behind Jennifer's when he intentionally struck her vehicle with his. Vance then exited his vehicle, walked over to Jennifer's vehicle, and kicked out her driver's-side window. Vance reached inside and unlocked the driver's-side door and began yelling at Jennifer to exit her vehicle. Vance then grabbed Jennifer, pulled her out, and forced her into his vehicle. He hit her, breaking her glasses, and sped off.

Vance yelled at Jennifer, asking her why she had divorced him, why he could not see their children, and why she was with another man. Then Vance pulled his vehicle off the road in a secluded area. Vance proceeded to hit Jennifer multiple times and threatened to kill her. He began choking her, and she lost consciousness for a short time. Eventually, Vance agreed to take Jennifer to a hospital. En route, police, who had been alerted by Boyd, stopped Vance's vehicle, and Jennifer was transported to a hospital by ambulance.

The State charged Vance with aggravated battery, a Class B felony, criminal confinement, as a Class B felony, battery, as a Class C felony, and three counts of criminal recklessness, as Class A misdemeanors. A jury found him guilty of all but the aggravated battery charge, and the trial court entered judgment accordingly. The court sentenced Vance to a total executed term of twenty years. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Victim's Testimony

■ Vance contends that the trial court abused its discretion when it allowed Jennifer to testify that she lost consciousness as a result of the battery. In particular, Vance maintains that the Prosecutor asked Jennifer a leading question in violation of Indiana Evidence Rule 611(c).

■ A leading question is one which "'suggests to the witness the answer desired,' *Snyder v. Snyder*, 50 Ind. 492, 494 (1875); 3 Wigmore, Evidence (Chadbourn Rev.1970), § 769, at 155; 'indicates to the witness the real or supposed fact which the examiner expects and desires to have confirmed by the answer,' 4 Jones on Evidence (6th Ed.1972), § 24:11, at 93; is in the form of an assertion of fact, *Cook v. State*, 191 Ind. 412, 133 N.E. 137 (1921), or which, embodying a material fact, admits of a conclusive answer in the form of a simple 'yes' or 'no.'" *Doerner v. State*, 500 N.E.2d 1178, 1182 (Ind.1986). However, the mention of a subject to which a witness is desired to direct his or her attention is not considered to be a suggestion of an answer. *Id.*

■ Although it is normally inappropriate to utilize leading questions in the direct examination of a witness, a trial court may, in its discretion, permit the use of such questions. *Id.* A trial court's determination in this regard is reviewable on appeal only for an abuse of that discretion. *Id.* Here, during direct examination of Jennifer, the following colloquy occurred:

Q: Ok. How did he choke you?

A: He was in the driver's seat, I was in the passenger's seat and he reached over with his right hand and pulled

my head back and choked me with this hand.

Q: Ok. Did you lose consciousness?

A: Yes.

DEFENSE COUNSEL: Your Honor, I object to a leading question.

COURT: Overruled. Your answer was?

A: Yes, I was unconscious.

Transcript at 80.

To prove battery, as a Class C felony, the State was required to show that Vance knowingly touched Jennifer in a rude, insolent, or angry manner resulting in serious bodily injury. Ind.Code § 35–42–2–1(a)(3). The information states that the serious bodily injury alleged was Jennifer's unconsciousness. Thus, the Prosecutor's question did embody a material fact, and it did require a "yes" or "no" response. However, the challenged testimony is merely cumulative of Jennifer's testimony on cross-examination that she told the ambulance driver that she was "knocked unconscious four times," to which Vance made no objection. Transcript at 103. Any error was harmless. *See Beach v. State,* 816 N.E.2d 57, 60 (Ind.Ct.App.2004) (noting cumulative evidence constituted harmless error).

### Issue Two: Sentence

■■■ Vance's sole challenge to his sentence on appeal involves the three consecutive one-year sentences for his misdemeanor convictions. He does not contend that the trial court abused its discretion in sentencing him in any other respect. Vance maintains that the court erred when it ordered that those sentences run consecutive to one another. In particular, Vance states,

The [misdemeanor] charges were all criminal recklessness and based upon the collision of the vehicles of the defen-

dant and the complaining witness. Since there were three people in the complaining witnesses' vehicle, the defendant was charged for the one event three times. The Defendant would argue that the sentences should be served concurrent [with] each other and to Count 2 [battery].

Brief of Appellant at 13.

Initially, we note that Vance does not cite to authority in support of his contention. As such, the issue is waived. Waiver notwithstanding, our supreme court has held that when a perpetrator commits the same offense against two victims, enhanced and consecutive sentences "seem necessary to vindicate the fact that there were separate harms and separate acts against more than one person." *Serino v. State,* 798 N.E.2d 852, 857 (Ind.2003). Here, a single act resulted in separate harms, and we apply the principle enunciated in *Serino.* As such, the trial court did not err when it imposed consecutive sentences on Vance's misdemeanor convictions.[2]

Affirmed.

MAY, J., and MATHIAS, J., concur.

---

**2.** Vance does not challenge the trial court's identification of aggravators, including his

criminal history, which includes two prior felony convictions.