# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**DAVID T. A. MATTINGLY**
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

FILED

Jul 03 2013, 8:55 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RICHARD HAWKINS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1211-CR-958 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Randy J. Williams, Judge
Cause No. 79D01-1109-FA-24

**July 3, 2013**

**OPINION - FOR PUBLICATION**

**RILEY, Judge**

STATEMENT OF THE CASE

Appellant-Defendant, Richard Hawkins (Hawkins), appeals his sentence following a guilty plea to dealing in cocaine, a Class A felony, Ind. Code § 35-48-4-1 and possession of cocaine, a Class A felony, I.C. § 35-48-4-6.

We affirm.

ISSUE

Hawkins raises two issues on appeal, one of which we find determinative and restate as follows: Whether Hawkins knowingly and voluntarily waived his right to appeal the appropriateness of his sentence when he entered into a plea agreement with the State.

FACTS AND PROCEDURAL HISTORY

On or about September 2, 2011, a confidential informant notified the Lafayette police department that Hawkins was dealing in crack cocaine. Law enforcement officers directed the confidential informant to make arrangements to purchase crack cocaine from Hawkins. Thereafter, on September 2, 7, and 26, 2011, the confidential informant made three purchases of crack cocaine. Each controlled buy was conducted at the request of and monitored by law enforcement officers. On September 27, 2011, law enforcement officers obtained a search warrant for Hawkins' residence. During the search, the officers discovered 28.5 grams of cocaine, a legend drug, a Schedule IV controlled substance, and 2.4 grams marijuana, as well as digital scales and baggies.

On September 21, 2011, the State filed an Information, which was amended on November 14, 2011, charging Hawkins with two Counts of dealing in cocaine, Class A felonies, I.C. § 35-48-4-1; one Count of possession of cocaine, a Class A felony, I.C. § 35-48-4-6; one Count of possession of a schedule IV controlled substance, a Class C felony, I.C. § 35-48-4-7; one Count of possession of a legend drug, a Class D felony, I.C. § 16-42-19-13; one Count of possession of marijuana, a Class A misdemeanor, I.C. § 35-48-4-11; one Count of possession of marijuana while having a prior conviction, a Class D felony, I.C. § 35-48-4-6; and one Count of being an habitual offender, I.C. § 35-50-2-10. On August 2, 2012, Hawkins entered into a plea agreement with the State, in which he agreed to plead guilty to one Count of dealing in cocaine as a Class A felony and one Count of possession of cocaine as a Class A felony in exchange for the dismissal of the other charges. The plea agreement directed that sentencing would be at the discretion of the trial court, other than that Hawkins would receive concurrent sentences. In addition, the plea agreement contained the following language:

> That as a condition of entering this plea agreement, the defendant knowingly and voluntarily agrees to waive his right to appeal the sentence on the basis that it is erroneous or for any other reason, including the right to seek appellate review of the sentence pursuant to Indiana Appellate Rule 7(B), so long as the [c]ourt sentences the defendant within the terms of the plea agreement.

(Appellant's App. p. 28). On November 1, 2012, the trial court sentenced Hawkins to concurrent thirty-four year sentences on each Count, with four years in community corrections.

Hawkins now appeals. Additional facts will be provided as necessary.

3

DISCUSSION AND DECISION

Hawkins contends that even though his plea agreement contains a clause waiving the right to appeal his sentence, he did not knowingly and voluntarily waive this right. In particular, Hawkins points to the trial court's advisement during the plea hearing that he is entitled to be represented by an attorney on appeal.

Defendants who bargain to plead guilty in return for favorable outcomes give up a plethora of substantive claims and procedural rights. *Games v. State*, 743 N.E.2d 1132, 1135 (Ind. 2001). As such, our supreme court has held that a defendant may waive the right to appellate review of his sentence as part of a written plea agreement as long as the waiver is knowing and voluntary. *Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008). The content and language of the plea agreement itself, as well as the colloquy where necessary, govern the determination as to the validity of the waiver. *Id*. at 76 (quoting *United States v. Williams*, 184 F. 3d 666, 668 (7th Cir. 1999)). A specific dialogue with the trial court is not a necessary prerequisite to a valid waiver of appeal, if there is other evidence in the record demonstrating a knowing and voluntary waiver. *Id*. Inventiveness with the aid of hindsight is the principal threat to the stability of plea agreements, and therefore the major hazard to the defendants' ability to obtain concessions for the right they surrender. *Id*. (quoting *Williams*, 184 F.3d at 669). Defendants should not be freed from their bargain merely because the court could imagine potential changes in the procedures used or envision a more precise colloquy. *See id*.

During the hearing on Hawkins' guilty plea, the trial court read through the agreement in open court, including the waiver of his appellate rights. The trial court then

4

advised Hawkins of the rights he was waiving by pleading guilty. Specifically, after enumerating the rights waived, the following exchange occurred:

> [TRIAL COURT]: Do you understand that by pleading guilty today that you are giving up those rights which I have just explained to you?
>
> [HAWKINS]: Yes sir.
>
> [TRIAL COURT]: Do you understand that if you were to have a trial and were convicted you would have the right to appeal that conviction to the [c]ourt of [a]ppeals or [s]upreme [c]ourt of Indiana?
>
> [HAWKINS]: Yes sir.
>
> [TRIAL COURT]: Furthermore, at paragraph four of the [p]lea [a]greement, if the [c]ourt accepts the agreement, that you agree to waive your right to appeal the sentence, you understand that?
>
> [HAWKINS]: Yes sir.
>
> [TRIAL COURT]: Do you understand that you have the right to be represented by an attorney at all times, including during a trial, or for an appeal. If you cannot afford an attorney, the [c]ourt would appoint one for you?
>
> [HAWKINS]: Yes sir.

(Tr. pp 9-10).

By explaining that Hawkins has the right to an attorney, the trial court is not contradicting the waiver provision. Instead, read within the context of the hearing, the trial court is merely explaining Hawkins' right of representation—a right clearly distinct from his right to appeal his sentence.

However, Hawkins analogizes his situation to *Ricci v. State*, 894 N.E.2d 1089 (Ind. Ct. App. 2008), *trans. denied* and *Bonilla v. State*, 907 N.E.2d 586 (Ind. Ct. App. 2009), *trans. denied*. *Ricci* involved a written plea agreement which provided that the

5

defendant waived his right to appeal. *Ricci*, 894 N.E.2d at 1093. During the plea hearing, the trial court unambiguously stated that, according to its reading, Ricci had not surrendered the right to appeal his sentence, and the trial court's statement was not contradicted by counsel for either party. *Id.* In those circumstances, we concluded that all parties entered the plea agreement with the understanding that Ricci retained the right to appeal his sentence and held the waiver to be a nullity. *Id.* at 1094.

A similar situation occurred in *Bonilla.* Bonilla entered into a written plea agreement waiving his right to appeal. *Bonilla*, 907 N.E.2d at 589. At the plea hearing, the trial court noted Bonilla "may" have waived his right to appeal his sentence. *Id.* However, the court proceeded to advise Bonilla of his right to appeal and asked if he understood that right. *Id.* Given the contradictory information Bonilla received at the plea hearing and the fact that Bonilla was not a native English speaker, we concluded that Bonilla did not waive his right to appeal his sentence. *Id.* at 590.

*Ricci* and *Bonilla* are inapposite to the case at hand as the trial court did not make any contradictions or raise any ambiguities with respect to the plea agreement and the waiver language. The trial court clearly enumerated the rights Hawkins had foregone by pleading guilty and then asked Hawkins if he understood he would have the right to appeal if he went to trial, but that by entering into the plea agreement, he had waived that right. Hawkins answered affirmatively. Then, after having concluded its advisements on the right to appeal, the trial court explained that he had the right to be represented by an attorney at any stage of the proceedings. By separating the right to appeal from the right to representation, the trial court properly advised Hawkins without contradicting itself or

raising any ambiguities.  We conclude that Hawkins knowingly and voluntarily waived his right to appeal his sentence.

## CONCLUSION

Based on the foregoing, we conclude Hawkins waived the right to appeal the appropriateness of his sentence.

Affirmed.

BRADFORD, J. and BROWN, J. concur