Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Mar 11 2014, 10:09 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHAD MONTGOMERY**
McCoy & Montgomery Law Office
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

<table>
<tr><td>LAURENCE F. MYERS, JR.,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Appellant-Defendant,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>vs.</td><td>)</td><td>No. 79A02-1308-CR-755</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>STATE OF INDIANA,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Appellee-Plaintiff.</td><td>)</td><td></td></tr>
</table>

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Randy J. Williams, Judge
Cause No. 79D01-1212-FC-51
Cause No. 79D01-1205-FB-7

**March 11, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Laurence Myers, Jr., purportedly appeals the sentence imposed after he pleaded guilty to Burglary as a Class B felony[1] and being an habitual offender[2] under cause number 79D01-1205-FB-7 (FB-7) and Auto Theft as a Class C felony[3] under cause number 79D01-1212-FC-51 (FC-51).

We affirm.

**Issue**

Myers raises two issues on appeal, one of which we find dispositive and restate as whether Myers knowingly and voluntarily waived his right to appeal the appropriateness of his sentence when he entered into a plea agreement with the State.

**Facts and Procedural History**

In May 2012, the State charged Myers with Burglary as a Class B felony, Theft as a Class D felony, Possession of Methamphetamine as a Class D felony, and Possession of Paraphernalia as a Class A misdemeanor under cause number FB-7. The State later amended the charging information to include an habitual substance offender enhancement and an habitual offender enhancement. These charges resulted from Myers breaking and entering the home of a friend's seventy-three-year-old mother and stealing jewelry and a laptop. In December 2012, the State charged Myers with Auto Theft as a Class C felony, Auto Theft as

---

[1] Ind. Code § 35-43-2-1.

[2] I.C. § 35-50-2-8.

[3] I.C. § 35-43-4-2.5.

a Class D felony, and Theft as a Class D felony under cause number FC-51. These charges resulted from Myers stealing a car from the owner's garage.

In June 2013, Myers and the State entered into a plea agreement wherein Myers agreed to plead guilty to Burglary as a Class B felony and to admit to his status as an habitual offender under cause number FB-7, and to Auto Theft as a Class C felony under cause number FC-51, and the State agreed to dismiss the remaining charges. The plea agreement further provided that Myers would serve his sentence in cause number FB-7 consecutively with his sentence under cause number FC-51, and that the sentence would be left to the trial court's discretion. In addition, the plea agreement provided as follows:

> 3.     The Defendant hereby waives the right to appeal any sentence imposed by the Court, under any standard of review, including but not limited to, an abuse of discretion standard and the appropriateness of the sentence under Indiana Appellate Rule 7(B), so long as the Court sentences the Defendant within the terms of the plea agreement.

Appellant's App. p. 29.

During the June 2013 guilty plea hearing, the following colloquy ensued:

Trial Court:   Do you understand that if you were to have a trial and if you were convicted you would have the right to appeal that conviction to the Court of Appeal[s] or Supreme Court of Indiana?

Myers:        Yes your honor.

Trial Court:   Do you understand by pleading guilty you give up that right of appeal?

Myers:        Yes.

Trial Court:   Also, at paragraph three, as long as the Court accepts the plea agreement and also sentences you within its term, that you are waiving your right to appeal your sentence, do you understand this?

Myers:      Yes, your honor.

Trial Court:   You have the right to be represented by an attorney at all times including during a trial or for an appeal.  If you cannot afford an attorney, the court would appoint one for you.  Do you understand this?

Myers:      Yes.

Tr. pp. 6-7.  Following the hearing, the trial court took the guilty plea under advisement.

In August 2013, the trial court accepted Myers' plea and sentenced him to sixteen years for burglary enhanced by twenty years for being an habitual substance offender under cause number FB-7.  In addition, the trial court sentenced Myers to six years for auto theft in cause number FC-51.  Pursuant to the plea agreement, the trial court ordered the sentences in the two cause numbers to run consecutively to each other for a total sentence of forty-two years.

Myers appeals his sentence.

**Discussion and Decision**

Myers contends that even though his plea agreement contains a clause waiving the right to appeal his sentence, he did not knowingly and voluntarily waive this right. Specifically, Myers points to the trial court's advisement during the plea hearing that he is entitled to be represented by an attorney on appeal.

Defendants who bargain to plead guilty in return for favorable outcomes give up a plethora of substantive claims and procedural rights.  Hawkins v. State, 990 N.E.2d 508. 509 (Ind. Ct. App. 2013), trans, denied.  In this regard, our supreme court has held that a defendant may waive the right to appellate review of his sentence as part of a written plea

4

agreement as long as the waiver is knowing and voluntary. Id. at 509-10. The content and language of the plea agreement itself, as well as the colloquy where necessary, govern the determination as to the validity of the waiver. Id. at 510. A specific dialogue with the trial court is not a necessary prerequisite to a valid waiver of appeal if there is other evidence in the record demonstrating a knowing and voluntary waiver. Id.

Here, Myers argues that "it is entirely reasonable that Myers was confused by the court[']s statement '[y]ou have the right to be represented by an attorney at all times during a trial *or for an appeal*. If you cannot afford an attorney, the Court would appoint one for you. Do you understand this?'" Tr. pp. 6-7. Specifically, Myers contends that "[i]t is reasonable that if Myers had a right to an attorney for an appeal that he also believed that he had the right to appeal. Due to this statement from the court, it cannot be said that Myers knowingly, voluntarily, and intelligently waived his right to appeal his sentence." Appellant's Br. pp. 11-12.

Hawkins, 990 N.E.2d at 508, is dispositive. There, during the hearing on Hawkins' guilty plea, the trial court read through the agreement in open court and advised Hawkins of the rights he was waiving by pleading guilty, including his right to appeal his sentence. The trial court subsequently asked Hawkins if he understood that he had the right to be represented by an attorney at all times, including during trial or for an appeal.

Hawkins, like Myers, argued that he did not knowingly and voluntarily waive his right to appeal his sentence. Like Myers, Hawkins pointed to the trial court's advisement that he was entitled to be represented by an attorney on appeal. This court concluded that the trial

court was not contradicting the waiver policy when it advised Hawkins that he had the right to be represented by an attorney at all times. Id. at 510. Rather, we concluded that the trial court was merely explaining Hawkins' right of representation, which is a right clearly distinct from his right to appeal his sentence. Id. We further concluded that by separating the right to appeal from the right to representation, the trial court properly advised Hawkins without contradicting itself or raising any ambiguities. Id. at 511. We therefore concluded that Hawkins knowingly and voluntarily waived his right to appeal his sentence. Id.

Here, as in Hawkins, the trial court was not contradicting the waiver policy when it advised Hawkins that he had the right to be represented by an attorney. Instead, the trial court was merely explaining a right that was distinct from his right to appeal his sentence. By separating the right to appeal from the right to representation, the trial court properly advised Myers without contradicting itself or raising any ambiguities. Myers knowingly and voluntarily waived his right to appeal his sentence. See id.

We further note that Myers' reliance on Ricci v. State, 894 N.E.2d 1089 (Ind. Ct. App. 2008), trans. denied, is misplaced. There, the written plea agreement provided that Ricci waived his right to appeal. However, during the plea hearing, the trial court stated that according to its reading, Ricci had not surrendered the right to appeal his sentence, and the trial court's statement was not contradicted by counsel for either party. Under those circumstances, we concluded that all parties entered the plea agreement with the understanding that Ricci retained the right to appeal his sentence and held the waiver to be a nullity. Id. at 1094. The facts in Ricci, however, are distinguishable from those before us.

Specifically, here, the trial court never stated that Myers had not surrendered his right to appeal his sentence. Myers knowingly and voluntarily waived his right to appeal his sentence.

## Conclusion

Myers has waived the right to appeal the appropriateness of his sentence.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.