Michael RICCI, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 06A04–0805–CR–309.

Court of Appeals of Indiana.

Oct. 21, 2008.

Transfer Denied Dec. 11, 2008.

Michael D. Gross, Lebanon, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Michael Ricci appeals his sentence following his guilty plea to two counts of causing death when operating a motor vehicle with an alcohol concentration equivalent ("ACE") of 0.08 gram or more, as class C felonies.[1]  We affirm.

---

1. Ind.Code § 9–30–5–5(a)(1).

## Issues

Ricci raises one issues, which we restate as whether his sentence is inappropriate in light of the nature of the offenses and his character. The State also raises one issue, which we restate as whether Ricci waived the right to appeal his sentence.

## Facts and Procedural History

On the night of June 29, 2007, Ricci was drinking at a bar with his girlfriend, Allison Aldin, and his best friend, Schaun Baird. As Ricci was driving them home, he lost control of the vehicle and crashed. Aldin and Baird died as a result of the crash. Ricci was airlifted to Wishard Hospital, where a blood test revealed an ACE of 0.10 gram of alcohol per one hundred milliliters of his blood. Initially, Ricci told police that Aldin had been driving the car. The State exhumed the bodies to perform autopsies. On November 28, 2007, the State charged Ricci with two counts of class C felony causing death when operating a motor vehicle with an ACE of 0.08 gram or more and two counts of class C felony causing death when operating a motor vehicle while intoxicated.

On February 28, 2008, pursuant to a plea agreement, Ricci pled guilty to two counts of class C felony causing death when operating a motor vehicle with an ACE of .08 or more; the State dismissed the remaining charges; and sentencing was left to "the discretion of the Court after presentation of evidence and argument of the State and the Defendant." Appellant's App. at 17. The plea agreement also contained the following provision:

[2]V. I knowingly, intelligently, and voluntarily waive my right to appeal or challenge the sentence

imposed by this Court on the basis that it is erroneous or for any other reason.

*Id.* at 20.[2]

At the hearing on the plea agreement, however, the trial court offered the following advisement:

Now I read the Plea Agreement and if I accept this Plea Agreement I read it to say that sentencing is gonna be left to the Court. So [ ] your side will make arguments, the State will make arguments, and you'll leave to the Court to decide what the appropriate sentence is. So you do not give up your right to appeal that sentence, because you are giving that discretion to the Court. So I wanna make sure you understand you would [have] a right to appeal sentencing, but you could never appeal whether you committed this crime or not[.]

Tr. at 6–7. Neither the prosecutor nor the defense attorney offered a contrary view.

On March 18, 2008, Ricci's sentencing hearing was held. In sentencing Ricci, the trial court provided the following explanation:

I am finding that your criminal history is an aggravating circumstance. In particular the Court finds it significant that in 2004 you were convicted of [ ] both an alcohol and a drug related charge.... It is appropriate for the Court to consider [as] an aggravating circumstance the commission of crimes that involve the use of alcohol or drugs. I would also note that it is not your first felony conviction.... That on December the 20th of 2005 in Superior Court I here [in] Boone County that you were convicted of Fraud. And that you received a fairly short jail sentence for that crime.

---

**2.** We observe that Ricci initialed paragraphs 2A through -K, but he did not initial this

paragraph.

You were placed on probation both as a result of the Possession of Marijuana and Minor in Possession charges in this Court, and also the felony in Superior Court I. I find as an aggravating circumstance the recent and repeated violation of terms of probation. There were four at least, violations filed in this Court as a result of your convictions for Possession of Marijuana and Minor in Possession of Alcohol, and there is presently pending a petition [alleging a probation violation] in Superior Court I on the Fraud case. The Court finds it particularly relevant that the Court did give you repeated opportunities to get treatment, to stay at New Life, to do those things intended by this Court to give you a chance at rehabilitation. And then finally the Court threw up its hands and ordered that you serve the sentence that had been previously suspended in this Court. The Court must conclude and agree with Probation Officer Kari Ragsdale that you are not a good candidate for probation [g]iven your history on probation. ... [3] Your attorney is absolutely right that [ ]as a general rule, the Court cannot consider the impact of a crime on [ ] the family of a victim as an aggravating circumstance. But the case law in Indiana has allowed the Court to consider the impact [ ] where the actions of the Defendant caused an impact beyond that normally associated with the crime. The Court was struck by the impact that this crime has had upon the families. Both Allison's family and Schaun's family. In large part as a direct result of your unwillingness to admit early on that you were responsible for this crime. Your attorney has made a good argument here today, that it was perhaps the guid-

ance of the attorney or [ ] the understanding of the law that kept you from doing so. But I heard you say today when you were giving me your statement, that you finally decided to tell [the families] because they deserved to know what happened. And I have a hard time justifying why you didn't tell 'em earlier what happened. If that was truly your motivation. I accept that initially you were scared. The Court notes that you are twenty-two years old. But also, the purpose of the autopsy, and [ ] your attorney has argued that that wasn't your decision, [ ] was to determine who the driver was. And, still, you did not step forward and take responsibility until such time as the evidence had mounted against you. The Court believes that in this case it is justified in considering the impact on the families of the victims as an aggravating circumstance. Again, I am not giving it great weight, but I do believe that it is worthy of the Court's consideration. As a fifth aggravator I am finding lack of remorse. You know it's very easy for you to sit here today and look at the families and tell 'em you're sorry. None of that happened. Until such time as the evidence had mounted, and that you knew you were caught. The Court finds it very relevant on the issue of remorse, that you went to the funerals for both of these young people and you, you didn't just be quiet. Being scared and not saying anything I could have almost bought. But you made a point of telling these families that Alli Aldin was the driver. That's not remorseful. And the Court gives weight to that factor in determining what is [an] appropriate sentence in this case. Again generally a guilty plea

---

**3.** The trial court also noted that Ricci had been arrested in Florida but incorrectly observed that the arrest occurred after the in-

stant crimes were committed. The trial court was advised of and acknowledged this error. Tr. at 155–56; Appellant's App. at 69–70.

is considered to be a mitigating circumstance [ ], but in this case, I believe that the guilty plea came at a point when it was more an attempt by you to help yourself in sentencing. And just so you know Mr. Ricci, had you made the admission sooner, it might have been more [ ] in your best interest than delaying that admission. The Court considers as mitigating circumstances in this case the hardship on your son. I believe you do love your son. And I believe you want to be a good father to him. The lifestyle, however that you demonstrated on the night of this accident, doesn't say a whole lot to the Court about your love or concern for your son or wanting to be there for him.... I didn't create the situation that brought you here. I have sympathy for your son. I give some weight to the fact that it will be a hardship on him for me to send you away. But I do not believe that that carries significant weight in deciding what the sentence should be in this case. I find your age [ ] to be a mitigating circumstance, to the extent that you're twenty-two years old. But against that I weigh the fact that since you were eighteen you have accumulated now two felony convictions. And that again, there are numerous violations of your probation. And finally, as to the Plea Agreement, ... our Supreme Court has said that the Court is to give weight to a[ ] person coming forward and pleading guilty [ ] and saving the State the expense of trial. But in this case, that Plea Agreement came awfully late in these proceedings. We were prepared to go to trial. Many things had already been done. And although I will give it weight, I am not going to give it a great deal of weight. I therefore find that the aggravating circumstances do outweigh the mitigating circumstances that the Court finds in support of its sentence issued today.

*Id.* at 148–53; Appellant's App. at 62–67. The trial court then sentenced Ricci to eight years for each conviction, to be served consecutively. At the conclusion of the sentencing hearing, the trial court advised Ricci that he had not given up his right to appeal his sentence. Tr. at 154; Appellant's App. at 68. Ricci appeals.

### Discussion and Decision

Ricci asserts that his sentence in inappropriate.[4] The State argues that Ricci waived the right to appeal his sentence pursuant to paragraph 2V of the plea agreement, citing *Creech v. State*, 887 N.E.2d 73, 75 (Ind.2008). Given the nature of the State's argument, we address it first.

### I. Waiver of Right to Appeal Sentence

■ In *Creech*, the defendant and the State entered into a plea agreement, in which Creech pled guilty to one count of class C felony child molesting and sentencing was left to the trial court's discretion, with the limitation that the executed portion of any sentence was to be capped at six years. Also, the plea agreement contained the following waiver: "I hereby waive my right to appeal my sentence so long as the Judge sentences me within the terms of my plea agreement." 887 N.E.2d at 74. At the conclusion of the sentencing hearing and in its sentencing order, the trial court advised Creech that he had a right to appeal his sentence.

---

**4.** To the extent that Ricci challenges the trial court's weighing of the cited aggravating and mitigating circumstances, we note that "a trial court can not now be said to have abused its discretion in failing to properly weigh such factors." *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind.2007) (quotation marks omitted), *clarified on reh'g*, 875 N.E.2d 218 (Ind.2007).

Creech appealed, asserting that his agreement to waive his right to appeal his sentence was invalid because it was not made knowingly, voluntarily, and intelligently. Our supreme court first recognized that whether such waivers should be enforceable at all was a question of first impression and held that "a defendant may waive the right to appellate review of his sentence as part of a written plea agreement."[5] *Id.* at 75.

The court then turned to Creech's argument that he did not knowingly, voluntarily, and intelligently waive his right to appeal his sentence because the trial court's statements at the close of the sentencing hearing gave him the impression that he had retained this right. The court rejected his argument with the following analysis:

> While we take this opportunity to emphasize the importance of avoiding confusing remarks in a plea colloquy, we think the statements at issue are not grounds for allowing Creech to circumvent the terms of his plea agreement.
>
> Creech does not claim that the language of the plea agreement was unclear or that he misunderstood the terms of the agreement at the time he signed it, but rather claims that his otherwise knowing and voluntary plea lost its knowing and voluntary status because the judge told him at the end of

the sentencing hearing that he could appeal.

> . . . .
>
> By the time the trial court erroneously advised Creech of the possibility of appeal, Creech had already pled guilty and received the benefit of his bargain. Being told at the close of the hearing that he could appeal presumably had no effect on that transaction.

*Id.* at 76–77 (footnote omitted). In addition, the court rejected Creech's argument that the trial court should have made an express finding that he intended to waive his right to appeal his sentence.

*Creech* is distinguishable from the instant case. While it is clear that under *Creech*, a trial court's incorrect advisement at the conclusion of a defendant's sentencing hearing has no effect on an otherwise knowing, voluntary, and intelligent waiver of the right to appeal his sentence, *Creech* does not address how a trial court's misstatements *at the plea hearing* impact the determination of whether a defendant's waiver was knowing, voluntary, and intelligent.[6] Unlike *Creech*, the trial court here clearly and unambiguously stated *at the plea hearing* that it read the plea agreement and that, according to its reading of the agreement, Ricci had not surrendered the right to appeal his sentence.[7] Neither the prosecutor nor the defense attorney contradicted this statement. Given these

---

5. We observe that the *Creech* holding "did not affect our very long-standing policy that a defendant who can establish in a post conviction proceeding that his plea was coerced or unintelligent is entitled to have his conviction set aside." 887 N.E.2d at 75.

6. Another recent case, *Brattain v. State*, 891 N.E.2d 1055 (Ind.Ct.App.2008), is also not on point. There, we rejected the defendant's claim that the waiver provision in the plea agreement was unenforceable due to the trial court's failure to make an express finding regarding his intention to waive his appellate

rights and also determined that the trial court's appointment of appellate counsel following his plea did not invalidate the waiver. *Id.* at 1057.

7. We are aware that provisions waiving the right to appeal a sentence even where the sentence is left to the discretion of the trial court are becoming more commonplace in plea agreements, and trial courts would be well advised to determine whether such a provision is part of any plea agreement that comes before them.

circumstances, we may confidently say that the trial court accepted the plea agreement, and the prosecuting attorney, the defense attorney, and Ricci entered into the plea agreement with the understanding that Ricci retained the right to appeal his sentence. Accordingly, we conclude that paragraph 2V is a nullity, and Ricci has not waived the right to appeal his sentence.

## II. Inappropriateness

Although a trial court may have acted within its lawful discretion in determining a sentence, Article 7, Section 6 of the Indiana Constitution authorizes this Court to independently review and revise a sentence. This authority is implemented through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind.2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind.2007). The defendant bears the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind.2006).

As to the nature of the offenses, we recognize that the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Weiss v. State*, 848 N.E.2d 1070, 1072 (Ind.2006). Ricci was sentenced to eight years for each conviction, the maximum sentence for a class C felony, to be served consecutively. *See* Ind.Code § 35–50–2–6(a) (specifying fixed term of between two and eight years, with advisory sentence of four years). Here, two people were killed as a result of Ricci's inebriation and irresponsible attempt to drive. Ricci asserts that consecutive sentences are not appropriate because al-though there were separate harms, they were caused by one act. We disagree. In *Vance v. State*, 860 N.E.2d 617 (Ind.Ct. App.2007), the defendant intentionally struck a vehicle containing three passengers with his vehicle and was convicted of three counts of criminal recklessness. The trial court ordered the sentences for the three convictions to run consecutively. Vance appealed. We applied the principle that "when a perpetrator commits the same offense against two victims, enhanced and consecutive sentences 'seem necessary to vindicate the fact that there were separate harms and separate acts against more than one person'" and held that the trial court did not err in imposing consecutive sentences. *Id.* at 620 (quoting *Serino v. State*, 798 N.E.2d 852, 857 (Ind. 2003)).

In addition, Ricci's assertion that Allison was the driver of the vehicle exacerbated the harm beyond that which would otherwise be produced by these crimes. The suffering of the victims' families was increased because he lied about who was driving the car for several months, even lying at his friends' funerals. Furthermore, because Ricci lied, the families of the victims were forced to experience additional distress when the State exhumed the bodies of their loved ones. Thus, the harm resulting from the nature of Ricci's crimes justifies a sentence above the advisory.

Ricci's character, too, supports a sentence above the advisory. Ricci's prior convictions for possession of marijuana, minor in possession, and fraud, as well as his numerous probation violations, indicate that he lacks any regard for the law. Additionally, the fact that he lied for several months about who was driving shows that he is dishonest and more concerned with his own welfare than the welfare of others. His failure to be honest with the families

until the victims' autopsies clearly demonstrated his guilt reflects unfavorably on his capacity for remorse and diminishes his acceptance of responsibility. Accordingly, we conclude that Ricci has failed to carry his burden to establish that his sentence is inappropriate in light of the nature of the offenses and his character.

Affirmed.

KIRSCH, J., and VAIDIK, J., concur.