## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 18 2017, 9:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Gregory L. Fumarolo<br>Fort Wayne, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Chandra K. Hein<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lynn Kohne,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 18, 2017<br><br>Court of Appeals Case No.<br>01A02-1608-CR-1973<br><br>Appeal from the Adams Circuit Court<br><br>The Honorable Chad Kukelhan, Judge<br><br>Trial Court Cause No.<br>01C01-1511-F5-44 |

**Robb, Judge.**

# Case Summary and Issue

[1] Lynn Kohne pleaded guilty without the benefit of a plea agreement to two counts of causing death while driving with an alcohol concentration equivalent greater than .08 as Level 5 felonies. The trial court sentenced Kohne to an aggregate sentence of twelve years in the Indiana Department of Correction ("DOC"), with two years suspended to probation. Kohne appeals, raising two issues for our review, one of which we find dispositive: whether Kohne's sentence is inappropriate in light of the nature of the offenses and his character. Concluding Kohne's sentence is inappropriate, we reverse and remand.

# Facts and Procedural History

[2] On November 21, 2015, Kohne visited a local establishment and consumed alcoholic beverages. Around 3:00 p.m. that afternoon, Kohne was driving his vehicle southbound on Highway 27 in Decatur, Indiana. At the same time, Gary Herriford, his wife Cynthia, and their thirteen-year-old daughter K.H. were traveling northbound. Kohne's vehicle veered into the Herrifords' lane and collided with their vehicle. Gary was pronounced dead at the scene and Cynthia was hospitalized with severe injuries. K.H. was also taken to the hospital but it does not appear she suffered injuries. A subsequent breath test revealed Kohne's blood alcohol content was .13.

[3] On November 23, 2015, the State charged Kohne with causing death while operating a motor vehicle with an alcohol concentration equivalent greater than

.08 as a Level 5 felony and the same causing serious bodily injury as a Level 6 felony. Thereafter, Cynthia succumbed to her injuries and the State amended the charging information to include only two counts of causing death while operating a motor vehicle with an alcohol concentration equivalent greater than .08 as Level 5 felonies. On June 27, 2016, Kohne pleaded guilty to both counts without the benefit of a plea agreement and the trial court accepted the plea. The trial court then entered judgement of conviction and sentenced Kohne on each count to six years, with five years executed and one year of probation, to be served consecutively for an aggregate sentence of twelve years in the DOC, with two years suspended to probation. This appeal ensued.

# Discussion and Decision[1]

[4] Indiana Appellate Rule 7(B) provides, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden of persuading this court his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as inappropriate turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case."

---

[1] Kohne also contends the trial court abused its discretion in sentencing him. Because we conclude his sentence is inappropriate, we need not address this claim.

*Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of appellate review is to "leaven the outliers," not achieve the perceived "correct" result in each case. *Id*. at 1225.

[5] The advisory sentence is the starting point the legislature selected as an appropriate sentence for the crime committed. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). Here, Kohne was convicted of two counts of causing death while driving with an alcohol concentration equivalent greater than .08 as Level 5 felonies. Indiana Code section 35-50-2-6(b) states a person who commits a Level 5 felony shall be imprisoned for a fixed term of between one and six years, with the advisory sentence being three years. The trial court sentenced Kohne to six years in the DOC for each offense, with one year suspended to probation.

[6] As to the nature of the offense, we certainly acknowledge the recklessness of Kohne's choice to drive while under the influence of alcohol, the dire consequences of his conduct, and the tragic effect the accident had on the Herrifords' family, including their young daughter, K.H. However, we must emphasize his conduct is what the elements of the crime already take into consideration: the reckless choice of driving under the influence and causing the death of an individual. As to Kohne's character, we note Kohne was sixty years old with significant medical issues, including congenital heart failure, at the time of the sentencing hearing; he has been consistently employed for most, if not all, of his adult life; he has a clean criminal record; he accepted full responsibility for his actions; he showed remorse by apologizing to the

Herrifords' family and sought their forgiveness; and the pre-sentence investigation report indicates he is unlikely to reoffend.

[7] In *Ricci v. State*, 894 N.E.2d 1089 (Ind. Ct. App. 2008), *trans. denied*, the defendant was convicted of two counts of causing death while operating a motor vehicle with an alcohol concentration equivalent greater than .08 as Class C felonies and was sentenced to a maximum sentence of eight years on each count, to be served consecutively. *Compare* Ind. Code § 35-50-2-6(a) (providing a person convicted of a Class C felony committed prior to July 1, 2014, shall be imprisoned between two and eight years, with the advisory sentencing being four years), *with* Ind. Code § 35-50-2-6(b) (providing a person convicted of a Level 5 felony after June 30, 2014, shall be imprisoned between one and six years, with the advisory sentence being three years). On appeal, the defendant challenged the appropriateness of his sentence. In reviewing the nature of the offenses, we noted two deaths resulted from the defendant's crime and the defendant attempted to lie about who was driving the vehicles. As to the defendant's character, we further noted the defendant had multiple prior convictions and probation violations and was dishonest about who was driving the vehicle, thus showing a lack of remorse and an inability to accept responsibility. In light of these observations, we concluded the defendant's maximum sentence was not inappropriate. *Ricci*, 894 N.E.2d at 1095.

[8] Similar to *Ricci*, Kohne's offenses caused the death of two individuals and impacted the victims' family members. In addition, we also note Kohne received the maximum sentence on each count, although one year was

suspended. However, unlike the defendant in *Ricci*, Kohne has a clean criminal history, immediately took responsibility for his crimes, and showed remorse.

[9] In short, two Level 5 felonies running consecutively to one another carry a maximum sentence of twelve years executed. The trial court sentenced Kohne to just below the maximum giving consideration to the suspended sentence: twelve years with two suspended to probation. In light of the nature of the offenses and Kohne's character, we conclude this sentence is inappropriate. On remand, we direct the trial court to amend its abstract of judgment and/or sentencing order to reflect a sentence on *each* count of four years in the DOC, with one year suspended to probation. The sentences shall be served consecutively to one another for a total aggregate sentence of eight years in the DOC, with two years suspended to probation.

# Conclusion

[10] Kohne's sentence is inappropriate in light of the nature of the offenses and his character. Accordingly, we reverse and remand with instructions.

[11] Reversed and remanded.

Vaidik, C.J., and Bailey, J., concur.