## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 19 2017, 8:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Leeman
Leeman Law Office and
Cass County Public Defender
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nathaniel J. Caroway,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 19, 2017<br><br>Court of Appeals Case No.<br>09A02-1611-CR-2518<br><br>Appeal from the Cass Circuit Court<br><br>The Honorable Leo T. Burns, Judge<br><br>Trial Court Cause No.<br>09C01-1511-FA-3 |

**Robb, Judge.**

# Case Summary and Issue

[1] Pursuant to the terms of a plea agreement, Nathaniel Caroway pleaded guilty to one count of child molesting as a Class A felony and was sentenced to forty years imprisonment. Caroway appeals his sentence, raising the following restated issue for our review: whether the trial court abused its discretion in sentencing him. Concluding the trial court did not abuse its discretion in imposing the maximum sentence allowed by the plea agreement, we affirm.

# Facts and Procedural History

[2] On November 20, 2015, the State charged Caroway with four counts of child molesting as Class A felonies and two counts of child molesting as Class C felonies based on incidents reported by his step-daughter. On August 23, 2016, Caroway pleaded guilty to one count of Class A felony child molesting pursuant to a plea agreement. The plea agreement provided that in exchange for Caroway's plea of guilty, the State would dismiss the remaining charges. As to the sentence, "Parties shall argue and the court shall determine all terms of sentence. Executed portion of sentence shall not exceed (40) years." Appellant's Appendix, Volume II at 56. The plea agreement also provided:

> Defendant understands that if he/she had a trial and was convicted of these charges, he/she would normally have the right to appeal the conviction and any sentence received as a result of said conviction. *Because the Defendant is pleading guilty, he/she understands that there will be no appellate review of the sentence.* The Defendant acknowledges that he/she has discussed this matter with counsel, and hereby makes a knowing and voluntary waiver

of appellate review of the sentence imposed by the trial court. Defendant may still appeal any illegal sentence which may be imposed.

*Id.* at 56-57 (emphasis added).

[3]     At the plea hearing, before hearing Caroway's change of plea, the trial court advised Caroway:

> [B]ecause the sentence . . . will be up to the Court, you, your right to appeal the length of the sentence is preserved. You're not giving up your right to appeal, . . . there's a range of time that is suggested in this plea agreement and after the Court reaches a decision on the amount of time, if any, then you would have the right to appeal that decision.

Transcript, Volume 2 at 9-10. The trial court also advised Caroway that the penalty range for a Class A felony was twenty to fifty years, with an advisory sentence of thirty years, but "if I accept this plea agreement, the maximum penalty will be forty (40) years." *Id.* at 12. Caroway indicated he understood the nature of the charge against him and the possible sentence for his crime, and further indicated he understood his rights and the effect of pleading guilty upon those rights. The State established a factual basis and the trial court took Caroway's plea of guilty under advisement pending a pre-sentence report.

[4]     The parties reconvened for a sentencing hearing on October 13, 2016. The court began by recounting the events from the plea hearing, including that it had advised Caroway "that since the sentence was open, that he would have the ability to appeal the sentence component, but not the conviction component

of the agreement." *Id.* at 20.  The trial court then accepted Caroway's plea of guilty.  After hearing evidence and argument from the parties, the trial court pronounced Caroway's sentence, noting first that the "minimum sentence in this case is twenty (20) years in the Department of Correction be [sic] because it is an A Felony that's a non-suspendable sentence on its face." *Id.* at 31.  The trial court found the aggravating circumstances outweighed the mitigating circumstances, and sentenced Caroway to forty years at the Department of Correction.  The trial court subsequently issued a written sentencing order, which states, in part, "This is an aggravated sentence based on the fact that, pursuant to statute, the range of sentence in this case is from 30 to 50 years." Appellant's App., Vol. II at 79.

# Discussion and Decision

## I.  Waiver

We begin by briefly addressing the State's assertion that pursuant to the plea agreement, Caroway waived his right to appeal his sentence.  Anticipating the possibility of such an argument by the State, Caroway acknowledged the provision of his plea agreement waiving his right to challenge his sentence, but

argues that given the trial court's statements at his plea and sentencing hearings, the waiver is invalid. We agree with Caroway.[1]

[6] A defendant may waive the right to appellate review as part of a plea agreement. *Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008). Even if the trial court erroneously advises the defendant of the possibility of appeal, if such advisement comes after the defendant has received the benefit of his bargain— that is, after he has already pleaded guilty and the trial court has accepted the plea—the waiver is valid. *Id.* at 77 (trial court advised the defendant at the close of the sentencing hearing that he retained the right to appeal which did not alter the defendant's knowing and voluntary waiver at the time he changed his plea). However, if the advisement comes *before* the defendant receives the benefit of his bargain and no one contradicts or corrects the misstatement, then "we may confidently say that the trial court accepted the plea agreement, and the prosecuting attorney, the defense attorney, and [the defendant] entered into the plea agreement with the understanding that [the defendant] retained the right to appeal his sentence." *Ricci v. State*, 894 N.E.2d 1089, 1093-94 (Ind. Ct. App. 2008), *trans. denied*.

[7] Here, the trial court advised Caroway he had the right to appeal the length of his sentence before Caroway entered his guilty plea, *see* tr., vol. 2 at 9, and again

---

[1] The State, while not explicitly conceding Caroway is entitled to appeal his sentence, acknowledges the trial court's statements and "assume[s] for the sake of argument that Caroway retained the right to appeal his sentence." Brief of Appellee at 6-7.

before the trial court accepted the plea, *see id.* at 20.[2]  Neither the State nor Caroway's defense counsel corrected the trial court's misstatement.[3]  Thus, this situation is akin to *Ricci* and we conclude Caroway has not waived the right to appeal his sentence.

## II.  Sentencing Discretion

[8]  Sentencing decisions are within the sound discretion of the trial court and we review such decisions only for an abuse of that discretion.  *McElfresh v. State*, 51 N.E.3d 103, 107 (Ind. 2016).  "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom."  *Id.* (citation omitted).  A trial court may abuse its discretion by entering a sentencing statement in which the reasons provided for the sentence are improper as a matter of law.  *Ackerman v. State*, 51 N.E.3d 171, 193 (Ind. 2016), *cert. denied*, 137 S.Ct. 475 (2016).

---

[2] The trial court advised Caroway of his right to appeal the sentence two more times after accepting the plea agreement.  *See* Tr., Vol. II at 25 (stating, immediately after accepting the plea agreement, that "[d]epending on where we go today, . . . you will still have rights to appeal the sentencing") and 32 (stating, after pronouncing the sentence, "Mr. Caroway, if you are in the frame of mind to listen, you have the right to appeal my sentence").

[3] As our supreme court stated in *Creech*, "we take this opportunity to emphasize the importance of avoiding confusing remarks in a plea colloquy."  887 N.E.2d at 76.  We also take this opportunity to remind counsel on both sides of the aisle of their obligation of candor to the court in the face of conflicting information being provided to the defendant.

[9]     Caroway argues the trial court abused its discretion in sentencing him because the sentence was based on the trial court's mistaken belief the minimum sentence for his crime was thirty years. Caroway bases this argument on the written sentencing order which stated the decision to impose an aggravated sentence of forty years was "based on the fact that, pursuant to statute, the range of sentence in this case is from 30 to 50 years." Appellant's App., Vol. II at 79. Caroway acknowledges the trial court correctly stated the minimum sentence as twenty years when pronouncing the sentence at the sentencing hearing. He argues, however, the oral statement "should not trump the judge's written decision." Appellant's Brief at 9.

[10]    In reviewing a sentence, we examine both the oral and written sentencing statements to discern the conclusions of the trial court. *Corbett v. State*, 764 N.E.2d 622, 631 (Ind. 2002). Neither statement is presumptively correct. *McElroy v. State*, 865 N.E.2d 584, 589 (Ind. 2007). We have the option of crediting the statement that accurately pronounces the sentence or remanding for resentencing. *Id.*

[11]    Generally, a trial court may impose any sentence between twenty and fifty years for a Class A felony. Ind. Code § 35-50-2-4(a). Here, however, the plea agreement capped the possible sentence at forty years. At the plea hearing, the trial court advised Caroway that the range of penalties he faced for his crime was twenty to fifty years, but if the court accepted the plea agreement, the maximum penalty would be forty years. *See* Tr., Vol. 2 at 12. Thus, the trial court correctly advised Caroway at the plea hearing that the minimum sentence

it could impose was twenty years. Again at the sentencing hearing, the trial court advised Caroway that the minimum sentence in his case was twenty years. *See id.* at 31. Based on the unambiguous nature of the trial court's statements at the plea and sentencing hearings, we conclude the written order which references a thirty-year minimum sentence contains a scrivener's error.

[12] We also note that even if the trial court was laboring under a misapprehension regarding the minimum sentence possible in this case, the trial court's statements regarding the aggravating and mitigating circumstances clearly indicate the trial court's intention to impose the maximum sentence. The trial court acknowledged Caroway's guilty plea and lack of significant criminal history as mitigating circumstances. But because Caroway "appears to be trying to express remorse [to the victim but] is also portraying himself as a victim" and regrets making a statement to the police confessing his crime, the trial court found his lack of remorse an aggravating circumstance. *Id.* at 31. The trial court also found the impact on the victim and Caroway's position of trust with her as her step-father to be aggravating circumstances. The court found the aggravating circumstances outweigh the mitigating circumstances, that the plea agreement capped the sentence at forty years, "and that is what the sentence is going to be today." *Id.* at 32. In the written sentencing order, the trial court specifically stated an aggravated sentence was appropriate. The trial court clearly intended to impose a sentence above the advisory sentence for a Class A felony, which means it clearly intended to impose a sentence above thirty years. We therefore conclude that even if the trial court believed the

minimum sentence was thirty years, it still would have imposed a forty-year sentence. *See Ackerman*, 51 N.E.3d at 194 ("When an abuse of discretion occurs, [we] will remand for resentencing only if we cannot say with confidence that the trial court would have imposed the same sentence . . . .").

# Conclusion

[13]   Caroway did not waive his right to appeal his sentence, but he has failed to demonstrate the trial court abused its discretion in sentencing him to forty years. We therefore affirm his sentence, but because the written sentencing order contains a scrivener's error, we remand to the trial court for correction of that error.

[14]   Affirmed and remanded.

Vaidik, C.J., and Bailey, J., concur.