## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 21 2018, 9:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Valerie K. Boots
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jerry Hatten,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | December 21, 2018<br><br>Court of Appeals Case No.<br>18A-CR-1182<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Elizabeth Christ, Judge<br><br>Trial Court Cause Nos.<br>49G24-1312-FD-79000<br>49G24-1508-F6-28434<br>49G24-1608-F6-30031<br>49G24-1707-F6-25553 |

**Baker, Judge.**

[1] Jerry Hatten appeals the sentence imposed by the trial court after he pleaded guilty to three counts of Level 6 Felony Theft and one count of Level 6 Felony Check Deception from four separate causes, arguing that placement in the Department of Correction (DOC) for his entire sentence was inappropriate in light of the nature of the offenses and his character. Finding that the placement is not inappropriate, we affirm.

# Facts

[2] From 2001 until 2017, Hatten operated and managed a general contracting business; during this time, Hatten committed numerous offenses involving use of bad checks, fraud, mismanagement of funds, and unauthorized possession of equipment tied to the business.

[3] The numerous offenses not at issue in this case are as follows: in 2004, Hatten was found guilty of Class D felony check fraud and was placed on probation for a 537-day suspended sentence. The trial court later revoked Hatten's probation in 2006 and sentenced him to 240 days on community corrections. In late 2005, Hatten was found guilty of Class D felony theft/receiving stolen property and was sentenced to 545 days with 180 days executed, 356 days suspended, and 365 days ordered to probation. In 2007, Hatten was found guilty of Class D felony theft, was sentenced to 180 days on community corrections, and was ordered to pay $500 in restitution. In 2008, Hatten pleaded guilty to two counts of Class A misdemeanor check deception and was sentenced to time served. In 2009, Hatten was found guilty of Class C felony fraud on a financial

institution.[1] In sum, Hatten has a long criminal history related to his general contracting business.

[4] The four offenses at issue in this case are as follows: (1) in Cause Number 49G24-1212-FD-079000, Hatten was charged with one count of Level 6 felony theft;[2] (2) in Cause Number 49G15-1508-F6-028434, Hatten was charged with one count of Level 6 felony theft; (3) in Cause Number 49G24-1608-F6-030031, Hatten was charged with one count of Level 6 felony check deception; (4) and in Cause Number 49G24-1704-F6-025553, Hatten was charged with one count of Level 6 felony theft.[3] All of these offenses relate to Hatten's business operations.

[5] On April 23, 2018, Hatten entered into a consolidated guilty plea agreement in all four causes, pursuant to which he agreed to plead guilty to the above-described charges; to pay $41,669.56 in restitution to various entities; and to serve consecutive 730-day (two-year) executed sentences for each of the four counts for an aggregate of eight years, with placement open to the court's discretion. Tr. Vol. II p. 60-62. The trial court ordered that Hatten serve the entirety of his sentence in the DOC. *Id*. At sentencing, the trial court

---

[1] Neither the record nor the parties' briefs state Hatten's punishment for this conviction.

[2] We note that Hatten committed this theft in August 2013, one year before the General Assembly reclassified what was then a Class D felony theft as a Level 6 felony theft. Notwithstanding this reclassification, the statutory citation, criminal elements, and sentencing guidelines remained the same.

[3] The State charged Hatten with multiple other offenses for each cause number. However, for the sake of brevity, we focus only on the acts to which Hatten ultimately pleaded guilty.

admonished Hatten for his multiple offenses and his lack of accepting

culpability for his actions:

> You may have learned a lot in your 255 days in the Marion
> County jail, but I think you have a long way to go to take
> complete ownership for your role in the criminal acts that you
> committed.
>
> ***
>
> [L]ooking at crimes of dishonest [sic] listed consistently
> throughout here you've got to really reevaluate[.] . . . [W]hat's
> clear to me is what has been most effective to you and what I
> believe is merited is incarceration and punishment.

*Id.* Hatten now appeals.

# Discussion and Decision

[6]    Hatten argues that ordering him to serve the entirety of his eight-year sentence

in the DOC is inappropriate in light of the nature of the offenses and his

character.[4] Hatten claims that because his acts resulted only in pecuniary losses

to his victims and because he showed a "willingness and desire" to make

restitution, *id.* at 43, 46, 47, 50, placement in the DOC for his whole sentence is

unwarranted.

---

[4] Generally, Hatten would have waived his right to appeal his sentence by pleading guilty. In this case, however, Hatten retained his right to appeal because the trial court mistakenly advised him that he could appeal. *See Ricci v. State*, 894 N.E.2d 1089, 1093-94 (Ind. Ct. App. 2008) (holding that even when defendant waives his right to an appeal in a written guilty plea, he may nevertheless appeal his sentence if the trial court advises him that he may still appeal). We agree, so we will address Hatten's central argument.

[7]     Indiana Appellate Rule 7(B) states that a "Court may revise a sentence . . . if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Additionally, we have held that "[t]he place where a sentence is to be served is subject to review under [Indiana Appellate] Rule 7(B)." *Moon v. State*, Cause No. 18A-CR-879, slip. op. at 9 (Ind. Ct. App. Sept. 9, 2018).

[8]     First, as to the nature of the offenses, Hatten committed serious crimes involving dishonesty and fraud. He wrote bad checks, stole equipment, and defrauded creditors and business entities. Furthermore, this is not the first time Hatten committed the four acts at the center of this case. After having been convicted of or pleading guilty to multiple other offenses of the same nature, Hatten clearly knew how to defraud individuals under the guise of standard business practices and continued to do so. In sum, Hatten was deceitful, fraudulent, and dishonest in his criminal deeds. And even though his actions resulted "only" in pecuniary losses, the damage is both substantial and significant, amounting to more than $40,000 owed in restitution. We do not find that the nature of the offenses renders Hatten's placement in the DOC inappropriate.

[9]     Second, as to Hatten's character, we do not find Hatten's show of "remorse" for his actions to be convincing, given his lengthy history of committing these same crimes. *See Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007) (holding

that even if the crimes committed are not "particularly egregious," the fact that defendant has several prior convictions for similar charges impinges on his character). The trial court was unconvinced by Hatten's remorse, admonishing him for refusing to acknowledge the severity of his crimes. Additionally, the trial court pointed out that Hatten was granted—and violated—probation, was given suspended sentences, and was sentenced to community corrections on several occasions, all to no avail. It is apparent that Hatten refuses to acknowledge the gravity of his actions, despite the fact that he promised to "make good" on paying restitution. We do not find that Hatten's character renders his placement in the DOC inappropriate.

In sum, we will not revise Hatten's placement as part of his sentence pursuant to Indiana Appellate Rule 7(B).

The judgment of the trial court is affirmed

May, J., and Tavitas, J., concur.