## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 05 2019, 9:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael D. Gross
Lebanon, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Erik J. Bryant
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ronald D. Robbins, II,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 5, 2019

Court of Appeals Case No.
18A-CR-2082

Appeal from the Boone Circuit
Court

The Honorable J. Jeffrey Edens,
Judge

Trial Court Cause No.
06C01-1609-F1-656

**Baker, Judge.**

[1] Ronald Robbins appeals the sentence imposed by the trial court after he pleaded guilty to one count of Level 2 Felony Voluntary Manslaughter, arguing that his sentence is inappropriate in light of the nature of the offense and his character. Finding that the sentence is not inappropriate, we affirm.

# Facts

[2] On September 11, 2016, three-month-old infant L.W. was staying with twenty-four-year-old Robbins, his father. At some point during the evening, L.W. started crying loudly. Unsure of what to do, Robbins shook L.W. until the child went limp. Robbins called L.W.'s mother ten minutes later, telling her that something was wrong with L.W., but he did not know what it was. Robbins's grandmother arrived and took L.W. to the emergency room. Robbins accompanied her. L.W. was eventually transferred to Peyton Manning Children's Hospital due to the severity of his injuries.

[3] At the hospital, Robbins spoke with Boone County Police Officer Deborah Martin about what had happened. Robbins stated that he did not know what had happened and that L.W. had possibly bumped his head. The next day, on September 12, 2016, Robbins told the physician treating L.W. the same thing. The physician said that a mere head bump could not have caused L.W.'s severe injuries. On September 14, 2016, Robbins again gave multiple false explanations for why L.W. was injured. Finally, Robbins confessed to Officer Martin that he had shaken L.W. She provided this information to hospital staff.

[4] Thereafter, while L.W. was still in the hospital, Robbins checked himself into the St. Vincent Stress Center, where he stayed for three days. Robbins claimed that he admitted himself to the facility because he was "completely distraught" and felt suicidal. Tr. Vol. II p. 64. After his release, while L.W. was still in the hospital, Robbins flew to California to visit his sister. On September 23, 2016, twelve days after the shaking incident, L.W. died as a result of shaken baby syndrome.

[5] On September 23, 2016, the State charged Robbins with one count of Level 3 felony aggravated battery and one count of Level 3 felony neglect of a dependent resulting in serious bodily injury, later adding one count each of Level 1 felony aggravated battery, Level 1 felony neglect of a dependent resulting in death, and Level 2 felony voluntary manslaughter. On May 14, 2018, Robbins entered into an open guilty plea agreement, pursuant to which he would plead guilty to the voluntary manslaughter count in exchange for the dismissal of the other charges.

[6] The plea agreement contained the following statement:

> The defendant hereby waives the right to appeal any sentence imposed by the Court, under any standard of review, including but not limited to, an abuse of discretion standard and the appropriateness of the sentence under Indiana Appellate Rule 7(B), so long as the Court sentences the defendant within the terms of the plea agreement[.]

Appellant's App. Vol II p. 40.

[7] At the sentencing hearing on August 2, 2018, the trial court considered the following aggravating factors—(1) the young age of the victim; (2) the fact that Robbins was in a position to care for the infant; (3) the adverse psychological impact on the family; and (4) the fact that the infant's death was the result of shaken baby syndrome—and the following mitigating factors—(1) Robbins had no prior criminal history; (2) Robbins was not deemed likely to reoffend; (3) the crime resulted from circumstances unlikely to reoccur; (4) Robbins would respond affirmatively to probation or short-term imprisonment; and (5) Robbins was remorseful. The trial court refused to consider Robbins's age to be a mitigating factor.

[8] At the close of the sentencing hearing, the trial court advised Robbins that "[y]ou have the right to appeal the sentence imposed by this Court. In order to do so you must file either a Notice of Appeal or a Motion to Correct Errors within thirty days of today's date[.]" Tr. Vol. II p. 114. Thereafter, the trial court sentenced Robbins to thirty years in the Department of Correction (DOC) with ten years suspended to probation. Robbins now appeals.

# Discussion and Decision

[9] Robbins argues that the sentence was inappropriate in light of the nature of the offense and his character.[1]

---

[1] Robbins originally waived his right to appeal his sentence because of the written stipulation in his plea agreement. However, Robbins retained his right to appeal because the trial court mistakenly advised him that

[10]     Indiana Appellate Rule 7(B) states that a "Court may revise a sentence . . . if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). In determining whether a sentence is inappropriate, we will consider numerous factors such as culpability of the defendant, the severity of the crime, the damage done to others, and a "myriad of other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008).

[11]     The maximum sentence for a Level 2 felony voluntary manslaughter conviction is thirty years and the minimum sentence is ten years. Ind. Code § 35-50-2-4.5. The advisory sentence is seventeen and one-half years. *Id*. Here, the trial court imposed a thirty-year sentence with ten years suspended to probation.

[12]     First, as to the nature of the offense, Robbins killed L.W., a three-month-old infant. More to the point, L.W. was Robbins's child, and Robbins was responsible for the care and custody of the infant. By pleading guilty to voluntary manslaughter, Robbins admitted that he knowingly or intentionally killed L.W. by shaking him to death. And, after rendering L.W. limp by shaking, Robbins waited almost ten minutes before notifying L.W.'s mother

---

he could appeal. *See Ricci v. State*, 894 N.E.2d 1089, 1093-94 (Ind. Ct. App. 2008) (holding that even when defendant waives his right to an appeal in a written guilty plea, he may nevertheless appeal his sentence if the trial court advises him that he may still appeal). Consequently, we will address Robbins's central argument.

that something was wrong. Even then, Robbins did not call 911 or seek an ambulance to treat L.W. Instead, he simply waited until his grandmother arrived to take the infant to the hospital. We find that the nature of the offense does not render Robbins's sentence inappropriate.

[13] Second, as to Robbins's character, despite his show of remorse (as noted by the trial court as a mitigating factor), Robbins's actions following L.W.'s admission to the hospital are telling. Robbins lied repeatedly to both Officer Martin and L.W.'s treating physician about what could have caused L.W.'s injuries. For nearly three days, medical personnel did not have the requisite information to properly treat L.W. because Robbins withheld that information from them. Only later did Robbins admit what had happened, but by that time, it was too late. Additionally, while his baby was still hospitalized in dire condition, Robbins took an extended trip to California to visit his sister. These actions and traits reflect negatively on Robbins's character. We find that Robbins's character does not render his sentence inappropriate.

[14] In sum, we will not revise Robbins's sentence pursuant to Indiana Appellate Rule 7(B).

[15] The judgment of the trial court is affirmed.

May, J., and Tavitas, J., concur.