# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 30 2019, 10:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Jesslyn Powell,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

September 30, 2019

Court of Appeals Case No.
19A-CR-809

Appeal from the Jefferson Circuit Court

The Honorable Steven M. Fleece, Senior Judge

Trial Court Cause No.
39C01-1808-F3-866

**Crone, Judge.**

# Case Summary

Jesslyn Powell appeals her nine-year sentence imposed by the trial court following her guilty plea to level 3 felony conspiracy to deal methamphetamine. She argues that her sentence is inappropriate in light of the nature of the offense and her character. Finding that Powell has not met her burden of demonstrating that her sentence is inappropriate, we affirm.

# Facts and Procedural History

On August 17, 2018, Powell facilitated a purchase of a half-ounce of methamphetamine between her co-conspirator, Robert Taylor, and her distributor in Louisville, Kentucky. Taylor desired to purchase the half-ounce, and Powell knew that her distributor in Louisville dealt in large amounts of methamphetamine. Powell and Taylor drove to Louisville and made the purchase. On their way back from Louisville, Taylor immediately sold a quarter of an ounce to a person in Clark County, Indiana. Afterwards, Powell and Taylor returned to a home where Taylor had been staying in Jefferson County. According to the probable cause affidavit, the Madison Police Department executed a search warrant at the home regarding a methamphetamine investigation. Powell, Taylor, and another female were inside. During the search of the home, officers found 9.2 grams of methamphetamine, multiple bags used to package methamphetamine for sale, digital scales, 59 Alprazolam pills, drug paraphernalia, and a plastic tub that contained crystalline pieces that tested positive for methamphetamine. Powell was subsequently arrested, and a search of her purse revealed a set of digital

scales and clear baggies containing a crystalline substance. Appellant's App. Vol. 2 at 15-16.

[3]     The State charged Powell with level 3 felony dealing in methamphetamine, level 3 felony conspiracy to deal methamphetamine, level 5 felony possession of methamphetamine, class A misdemeanor possession of a controlled substance, and class C misdemeanor possession of paraphernalia. In September 2018, pursuant to a written plea agreement, Powell pled guilty to the conspiracy charge, and the State agreed to drop the other charges. The plea agreement left sentencing to the trial court's discretion. Pursuant to the plea agreement, Powell waived her right to challenge her sentence under Indiana Appellate Rule 7(B). *Id.* at 46. However, during the guilty plea hearing, the trial court informed Powell, that she could appeal her sentence, without any objections from either party's counsel.[1] Powell also signed an addendum to the plea agreement in which she agreed to work as a confidential informant for the Indiana State Police in exchange for her release from jail. Powell failed to abide by the terms of the addendum. During sentencing, the trial court found no compelling aggravating or mitigating circumstances but did note Powell's past convictions for possession of cocaine, marijuana, and narcotic drugs. The trial court sentenced Powell to nine years executed. This appeal ensued.

---

[1] Consequently, the waiver provision in the plea agreement was a nullity. *See Ricci v. State*, 894 N.E.2d 1089, 1093-94 (Ind. Ct. App. 2008) (finding that Ricci did not surrender right to appeal his sentence notwithstanding waiver provision in plea agreement when trial court clearly stated at plea hearing, without any objection from either party's counsel, that Ricci could appeal his sentence), *trans. denied*.

# Discussion and Decision

[4] Powell requests that we reduce her sentence pursuant to Indiana Appellate Rule 7(B), which provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we] find that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Sentence review under Appellate Rule 7(B) is very deferential to the trial court." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). The principal role of appellate review is to attempt to "leaven the outliers[.]" *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "We do not look to determine if the sentence was appropriate; instead we look to make sure the sentence was not inappropriate." *Conley,* 972 N.E.2d at 876.

[5] Regarding the nature of the offense, "the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. The sentencing range for a level 3 felony is between three and sixteen years, with an advisory sentence of nine years. Ind. Code § 35-50-2-5(b). As stated above, the trial court imposed a sentence of nine years. "[T]he defendant bears a particularly heavy burden in persuading us that [her] sentence

is inappropriate when the trial court imposes the advisory sentence." *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), *trans denied.*

[6] When reviewing the nature of the offense, this Court considers the "details and circumstances surrounding the offense and the defendant's participation therein." *Morris v. State*, 114 N.E.3d 531, 539 (Ind. Ct. App. 2018), *trans. denied* (2019). Powell first contends that the nature of the offense did not warrant the sentence she received because her involvement in the crime was "limited to assisting a local dealer in arranging a transaction with a drug distributor." Appellant's Br. at 10. Powell downplays the seriousness of her involvement in the offense. Here, Powell knew that her distributor in Kentucky dealt in large quantities of methamphetamine. Powell not only facilitated the drug transaction but also participated in the purchase of the half an ounce of methamphetamine. She also had knowledge that Taylor immediately sold a quarter of an ounce of methamphetamine in Indiana. Powell was at a house where Taylor was staying when police officers executed a search warrant and found 9.2 grams of methamphetamine, narcotics, digital scales and baggies used to package and sell methamphetamine, drug paraphernalia, and crystalline pieces that tested positive for methamphetamine. After Powell was arrested, a search of her purse revealed digital scales and baggies containing crystalline substances, which indicates an active role in the deadly methamphetamine trade.

[7] Powell also claims that her offense "did not involve any harm or intent to cause harm to any other person." *Id.* We disagree. As the trial court pointed out

during sentencing, "you've been on the bad guy side in this struggle that we have in our society in trying to get rid of [drugs]" and "by helping in the distribution of [drugs] you've hurt other folks." Tr. Vol. 2 at 61. Clearly, the nature of the offense does not support a reduction of Powell's sentence.

[8] With respect to Powell's character, we note that "[t]he character of the offender is found in what we learn of the offender's life and conduct." *Perry v. State*, 78 N.E.3d 1, 13 (Ind. Ct. App. 2017). "The significance of a criminal history in assessing a defendant's character and an appropriate sentence varies based on the gravity, nature, and number of prior offenses in relation to the current offense." *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). Powell's criminal history includes convictions for illegal consumption of alcohol, two convictions for operating a vehicle without a license, operating a vehicle while intoxicated endangering a person, operating a vehicle with an ACE of .15 or more, and possession of marijuana, cocaine, and narcotic drugs. She also had her probation revoked for nonreporting. Appellant's App. Vol. 2 at 58-59.

[9] Powell contends that she took responsibility and pled guilty to the "top count she was charged with." Appellant's Br. at 10. While Powell did plead guilty, she received a significant benefit in doing so. Powell faced almost forty years in prison. As a result of the plea agreement, the State dismissed two felony and two misdemeanor charges. While we commend Powell for twelve years of sobriety, unfortunately, she went back to using and distributing illegal drugs and continues to surround herself with others who do the same. In fact,

between Powell's guilty plea and sentencing hearings, her live-in boyfriend, who has an extensive criminal record, was arrested in their home for dealing marijuana and possessing hypodermic needles that tested positive for methamphetamine. Appellant's Br. at 12; Tr. Vol. 2 at 53. This belies Powell's purported desire to "avoid people associated with illegal drug activity." *Id.*

[10] Powell also emphasizes that she offered to assist law enforcement in controlled buys from known drug dealers. Powell signed an addendum to her plea agreement which allowed her to be released from jail in exchange for her assistance. However, according to Indiana State Police Detective Mark Jenkins, communication on setting up drug buys was difficult with Powell, and sometimes days would go by before she would respond to him. Tr. Vol. 2 at 44, 51. Detective Jenkins indicated that after five months, Powell failed to assist them with completing drug buys. Powell argues that she "made efforts to set up buys but they did not coincide with law enforcement's timelines." Appellant's Br. at 12. Powell admitted that she "could have tried hard[er]" but that she "would get frustrated … had no life … and couldn't do anything because law enforcement wanted her to talk to a dealer every single day." Tr. Vol. 2 at 25, 34. Powell had an opportunity to work with law enforcement to eliminate or reduce drug dealing in the community. We agree with the State that she made the agreement with law enforcement in order to get out of jail and not to help with the pervasive drug problem affecting the community. Powell's behavior does not reflect positively on her character.

In sum, Powell has not persuaded us that her sentence is inappropriate in light of the nature of the offense or her character. Accordingly, we affirm.

Affirmed.

Baker, J., and Kirsch, J., concur.