## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 28 2020, 10:05 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Chad A. Montgomery
Montgomery Law Office
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Myriam Serrano
Deputy Attorney General

Molly M. McCann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Adam Worthington, | December 28, 2020 |
| *Appellant-Defendant,* | Court of Appeals Case No. 20A-CR-1382 |
| v. | Appeal from the Tippecanoe Circuit Court |
| State of Indiana, | The Honorable Sean Persin, Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 79C01-1902-F1-3 |

**Vaidik, Judge.**

[1] Facing seven criminal charges, Adam Worthington entered into a plea agreement under which he would plead guilty to one count of Level 1 felony burglary resulting in serious bodily injury, the State would dismiss the remaining charges, and Worthington's sentence would be capped at thirty years but would otherwise be left to the discretion of the trial court. The plea agreement also included the following appeal waiver:

> The Defendant hereby waives the right to appeal any sentence imposed by the Court, under any standard of review, including but not limited to, an abuse of discretion standard and the appropriateness of the sentence under Indiana Appellate Rule 7(B), so long as the Court sentences the Defendant within the terms of the plea agreement.

Appellant's App. Vol. II p. 26. The trial court accepted the agreement and sentenced Worthington to thirty years, with twenty-eight years to serve in the Department of Correction and two years suspended to probation.

[2] Worthington now appeals. However, he does not challenge his conviction or his sentence. He only asks us to find his appeal waiver was not knowing, voluntary, and intelligent and to "remand to the trial court." Appellant's Br. p. 20. He does not say what he thinks should happen on remand, but presumably he envisions a second appeal concerning the merits of his sentence.

[3] Worthington relies on *Ricci v. State*, 894 N.E.2d 1089 (Ind. Ct. App. 2008), *trans. denied*, where we held the defendant's appeal waiver was not enforceable. But the defendant in *Ricci* challenged the merits of his sentence, in addition to the waiver. Here, Worthington only challenges the waiver. As a result, the State

asks us to dismiss the appeal, arguing that because Worthington "is not asking this Court to revise his sentence or remand to the trial court to revise his sentence, no actual controversy exists." Appellee's Br. p. 9. We could dismiss the appeal on this basis, but in the interest of judicial efficiency, we choose to address Worthington's argument.

[4] In arguing he did not knowingly, voluntarily, and intelligently waive his right to appeal his sentence, Worthington relies on the following exchange at the guilty-plea hearing:

> THE COURT: Do you understand that if you went to a trial and then were convicted you would have an automatic right to appeal the convictions to the Indiana Court of Appeals?
>
> THE DEFENDANT: Yes.
>
> THE COURT: When you plead guilty to a charge and you say judge please enter a conviction because I committed this crime, you're waiving and giving up your right to appeal the conviction. Does that make sense?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: In fact, if you plead guilty today and you're waiving and giving up all of the rights that we've talked about so far. **You do have the right to be represented by a lawyer both at the trial level and on any appeal.** If at any point you cannot afford a lawyer, I can appoint one to represent you.

Tr. pp. 10-11 (emphasis added). Focusing on the emphasized sentence—"You do have the right to be represented by a lawyer both at the trial level and on any appeal."—Worthington contends he was left with the impression he had the right to appeal his sentence notwithstanding the appeal waiver in the written plea agreement. But that sentence cannot be read in isolation. The complete quoted exchange makes clear the trial court was simply informing Worthington he would have the right to an attorney at trial and on appeal **if he chose not to plead guilty**.

[5]     *Ricci* is distinguishable. There, the defendant's plea agreement included an appeal waiver like the one in this case, but during the guilty-plea hearing, the trial court stated:

> Now I read the Plea Agreement and if I accept this Plea Agreement I read it to say that sentencing is gonna be left to the Court. So [ ] your side will make arguments, the State will make arguments, and you'll leave to the Court to decide what the appropriate sentence is. **So you do not give up your right to appeal that sentence, because you are giving that discretion to the Court. So I wanna make sure you understand you would [have] a right to appeal sentencing, but you could never appeal whether you committed this crime or not[.]**

*Ricci*, 894 N.E.2d at 1090 (emphasis added). Because the defendant was expressly told at the guilty-plea hearing he had the right to appeal his sentence, we held the appeal waiver in his plea agreement was "a nullity." *Id.* at 1094. Worthington, unlike the defendant in *Ricci*, was never told by the trial court he had the right to appeal his sentence.

[6]     Worthington has failed to establish his appeal waiver was not knowing, voluntary, and intelligent.

[7]     Affirmed.

Brown, J., and Pyle, J., concur.